405 A.2d 932

**COMMONWEALTH of Pennsylvania**

**v.**

**Carl WANAMAKER, Appellant.**

Superior Court of Pennsylvania.

Argued May 8, 1979.

Decided June 1, 1979.

Petition for Allowance of Appeal Denied Oct. 3, 1979.

John J. McCreesh, III, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

On March 4, 1977, a jury convicted appellant, Carl Wanamaker, of murder of the third degree and possession of an instrument of crime. After denying post verdict motions, the trial court sentenced appellant to a term of imprisonment of 5 to 15 years on the charge of murder and suspended sentence on the charge of possession of an instrument of crime. Appellant contends that the Commonwealth, in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), withheld evidence materially bearing on guilt. We affirm.

At approximately 6:00 P.M. on June 6, 1976, David Murray was shot to death in his store. A witness testified that a man, whom he did not see, entered the store, said "Hi, Geney boy," and fired three shots at Murray. Immediately after

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania and Judge Abraham H. Lipez of the Court of Common Pleas, Clinton County, Pennsylvania, are sitting by designation.

the shooting, another witness, who knew appellant, saw him running out of the store with his hand under his jacket. A few minutes later, appellant stopped two persons who knew him, told them he had just shot a man, then put a gun to the neck of one of the pair and compelled the witness to drive him to another neighborhood. A toxicologist's report admitted into evidence indicated the presence of amphetamine, methamphetamine and morphine in Murray's body. The police also recovered from Murray's pockets three small plastic bags, each containing 1.5 grams of methamphetamine.

Appellant testified that he went to Murray's store to buy drugs for his girlfriend. Murray refused to sell any drugs and ordered appellant to leave. When appellant refused to leave, Murray drew a gun, appellant pulled out his own gun and shot Murray in self-defense. Appellant's version was contradicted by the testimony of the witness in the store at the time of the shooting, Murray's mother, who testified that Murray never used a gun or kept one in the store, and a police report, which stated that the officers who searched the premises found no weapon there.

Appellant filed a bill of particulars before trial, but did not make any request for exculpatory evidence in the possession of the Commonwealth. Only after trial did he learn that the police had found three packets of methamphetamine in Murray's pockets. Appellant argues that this evidence, if admitted, would have supported his contention that Murray sold drugs and bolstered his credibility, and that, therefore, the Commonwealth violated its obligation under *Brady* to provide the defense exculpatory evidence.

We believe that the evidence withheld could have only marginally affected, if at all, the jury's perception of appellant's credibility. Whether or not Murray sold drugs, the case turned on whether appellant had acted in self-defense, a question on which the undisclosed evidence shed no light. Moreover, the jury already knew that Murray used drugs, for a medical report showing the presence of drugs in Murray's body had been introduced. Evidence that Murray

possessed drugs at the time of his death would have added little to the knowledge that he used them, and would not have proved that he sold them. We therefore conclude that appellant is not entitled to a new trial. See *Commonwealth v. Rose,* 483 Pa. 382, 396 A.2d 1221 (1979) (evidence withheld would not have created reasonable doubt as to guilt where defense entered similar information for same purpose).

Judgment of sentence affirmed.